UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GADDIEL PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV697RWS |
| | ) | |
| ABS CONSULTING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Gaddiel Patterson has sued Defendant ABSG Consulting, Inc. for trademark infringement and unfair competition and deceptive trade practices. After ABSG moved to dismiss for improper venue and for failure to state a claim, Patterson attached an affidavit to his memorandum in opposition to ABSG's motion to dismiss. On December 5, 2008, ABSG moved to strike the affidavit on the basis that it contains statements alleging new facts currently outside the scope of Patterson's complaint and that it fails to comply with the requirements of Fed. R. Civ. P. 56(e). Patterson has not responded to ABSG's motion.[1]

Because Patterson's memorandum in opposition is not a pleading, I will deny ABSG's motion

*Discussion*

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). By its own

---

[1] Local Rule 4.01(B) requires that "[e]xcept with respect to a motion for summary judgment under Fed. R. Civ. P. 56, each party opposing a motion shall file, within five (5) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies." More than ten days have passed without a response from Patterson.

terms, Rule 12(f) applies only to pleadings, and is not a proper way to strike an opponent's affidavits. 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, at 391–92 (3d ed. 2004); cf. Avante Int'l Tech. Corp. v. Premier Election Solutions, Inc., 2008 WL 2783237, at *8 (E.D. Mo. July 16, 2008) (concluding that Rule 12(f) cannot be used to strike documents filed in support of a motion for summary judgment); Brannon v. Luco Mop Co., 2007 WL 172374, at *1 (E.D. January 18, 2007) (same).

"A motion to strike is properly directed only to material contained in pleadings." Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc., 2008 WL 2518561, at *1 (E.D. Mo. June 19, 2008). Rule 7(a) defines pleadings as the complaint, answer to a complaint, answer to a counterclaim designated as a counterclaim, answer to a crossclaim, third party-complaint and, if the court orders one, reply to an answer. Fed. R. Civ. P. 7(a). Affidavits may not be attacked by a motion to strike. Mecklenburg, 2008 WL 2518561, at *1.

The affidavit attached to Patterson's memorandum in opposition is not a pleading and cannot be attacked with a motion to strike.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant ABSG's motion to strike [#16] is **DENIED**.

Dated this 18th day of December, 2008.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE