UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GADDIEL PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV697RWS |
| | ) | |
| ABS CONSULTING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Gaddiel Patterson filed this complaint alleging unfair competition and deceptive trade practices and violations of the Lanham Act, 15 U.S.C. § 1051, et seq. by Defendant ABSG Consulting, Inc. (incorrectly named as ABS Consulting Inc.). Defendant ABSG Consulting, Inc. has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)[1], or, in the alternative, for a more definite statement under Fed. R. Civ. P. 12(e).

For the reasons below, I will grant Defendant's motion for a more definite statement.

*Background*

In his complaint, Patterson asserts that he was granted a trademark ("PLG") by the United States Patent and Trademark Office and that he has continuously used the PLG mark in connection with Power Production Products. Patterson claims that Defendant has "recently started to manufacture or cause to manufactured, marketed and distributed, the energy producing facilities under the mark PLG. [sic]" Patterson claims that Defendant's use of a substantially similar mark has caused confusion among potential customers.

---

[1] ABGS Consulting also moved for dismissal based on improper venue under Fed. R. Civ. P. 12(b)(3), but has since withdrawn its arguments concerning venue.

Patterson does not provide a clear description of Defendant's mark that he believes is confusingly similar to his own. Nor does Patterson clearly identify which of Defendant's products or "facilities" he believes are marketed under the mark "PLG" and create the likelihood of confusion in consumers so that Defendant may prepare a responsive pleading. Patterson claims to attach a copy of Defendant's mark as Exhibit A. However, no exhibits are attached to his complaint.

*Matters outside the pleadings*

Patterson attempted to supplement his complaint with "Additional Facts" in his memorandum in opposition to Defendant's motion to dismiss, or, in the alternative, for a more definite statement. These "Additional Facts" state that when Patterson's website is typed into the internet, Defendant's webpage appears. Patterson also attached an affidavit describing Defendant's webpage. The affidavit references an attached photograph, but once again, nothing is attached. ABSG Consulting also attempted to supplement the record in its memorandum in support of its motion. ABSG attached an affidavit of ABS Consulting's[2] General Manager.

Under Fed. R. Civ. P. 12(d), if, on a motion to dismiss for failure to state a claim, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." When matters outside the pleadings are presented on a motion to dismiss, the court may either treat the motion as one for summary judgment and provide the parties with an opportunity to provide additional materials, or treat it as one to dismiss and exclude the matters outside the pleadings. See Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992).

---

[2] The affiant states he is the General Manager of ABS Consulting, not ABSG Consulting. However, the affidavit also states that the affiant works for ABSG Consulting.

In this case, both parties have submitted matters outside the pleadings. I decline to consider them and will exclude them from the consideration of Defendant's motion to dismiss.

*More definite statement*

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion under Rule 12(e) is "designed to strike at unintelligibility in a pleading rather than want of detail." Harvey v. Encompass Med. Group, 2005 WL 3557419, at *2 (W.D. Mo. Dec. 28, 2005).

Under Fed. R. Civ. P. 8(a) "a complaint must include only a short and plain statement of the claim showing that the pleader is entitled to relief. Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Romine v. Acxiom Corp., 296 F.3d 701, 711 (8th Cir. 2002). However, when the "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." Swirkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

Although notice pleading is a liberal standard, the complaint must provide the defendant with some idea what the allegations are. I find that Patterson needs to state more clearly the grounds upon which his Lanham Act and unfair competition and deceptive trade practices claims rest. Patterson's pleadings make repeated references to exhibits that are not attached. He also identifies "Exhibit A" as several different documents. Patterson does not provide a clear

description of Defendant's mark that he believes is confusingly similar to his own. Nor does Patterson clearly identify which of Defendant's products or "facilities" he believes are marketed under the mark "PLG" and create the likelihood of confusion in consumers so that Defendant may prepare a responsive pleading.

As a result, Patterson is directed to file an amended complaint. This cannot be done by simply supplementing his complaint. He must resubmit an entirely new complaint. If he wishes the Court to consider exhibits, additional facts, or affidavits as part of his pleadings, he must attach them to and incorporate them into his pleadings.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for a more definite statement [#11] is **GRANTED**.

**IT IS FURTHER ORDERED that** Plaintiff shall file an amended complaint which clearly identifies that actions that form the basis of his claims by February 20, 2009.

Dated this 2nd day of February, 2009.

                                          RODNEY W. SIPPEL
                                          UNITED STATES DISTRICT JUDGE