# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GADDIEL PATTERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:08CV697RWS |
| | ) |
| ABS CONSULTING GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Gaddiel Patterson filed a Complaint alleging unfair competition and deceptive trade practices and violations of the Lanham Act, 15 U.S.C. § 1051, et seq. by Defendant ABSG Consulting, Inc. (incorrectly named as ABS Consulting Inc.). Patterson now seeks leave to amend his Complaint. Because Rule 15(a) of the Federal Rules of Civil Procedure require that leave be freely granted, I will grant Patterson's motion.

*Background*

On May 14, 2008, Patterson filed a Complaint alleging unfair competition and deceptive trade practices and violations of the Lanham Act, 15 U.S.C. § 1051, et seq. by Defendant ABSG Consulting, Inc. On August 25, 2008, ABSG moved to dismiss Patterson's Complaint. Rather than respond to ABSG's motion, on September 15, 2008, Patterson filed his First Amended Complaint without seeking leave to amend. On October 16, 2008, I treated Patterson's filing as one for leave to amend, granted leave to amend, and denied ABSG's motion to dismiss as moot.

On October 21, 2008, ABSG moved to dismiss Patterson's First Amended Complaint, or in the alternative, for a more definite statement. Because Patterson's First Amended Complaint failed to clearly state the actions that form the basis of his claims, I granted ABSG's motion for a more

definite statement and ordered Patterson to file an amended Complaint by February 20, 2009. In part, I granted ABSG's motion because the First Amended Complaint referenced several attachments that were either not attached or were the same document, which made it difficult, if not impossible to understand the nature of Patterson's claims. I later extended the deadline to February 25, 2009.

On February 25, 2009, Patterson filed his Second Amended Complaint. Patterson again referenced exhibits that were not attached to the Complaint. On March 5, 2009, ABSG moved to dismiss Patterson's Second Amended Complaint. In response, on March 16, 2009, Patterson attempted to amend his complaint again without seeking leave. ABSG moved to strike Patterson's March 16 filing. Patterson agreed the document should be stricken and moved to withdraw it. On March 23, 2009, I granted ABSG's motion to strike Patterson's filing.

Now, Patterson has once again moved for leave to amend his Complaint. He has titled his Complaint, "Second Amended Complaint." The referenced exhibits are attached to the filing. The Court notes that the Complaint and its exhibits should be titled, "Third Amended Complaint" and will treat them as such.

*Discussion*

Under Rule 15(a) of the Federal Rules of Civil Procedure, a court should freely grant parties leave to amend their pleadings when justice requires. "[D]enial of leave to amend a pleading is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated." Roberson v. Hayti Police Dept., 241 F.3d 992, 995 (8th Cir. 2001).

Patterson's confusion and lack of attention to detail do not yet rise to the level of bad faith. Patterson's attempts to amend were timely. As a result, they were not made after undue delay and allowing amendment will not result in unfair prejudice. The Court notes, however, that Patterson has now filed or attempted to file five Complaints.[1] In response, ABSG has filed three motions to dismiss, or in the alternative, for a more definite statement and one motion to strike. Patterson's lack of attention to detail in his filings has undoubtedly caused ABSG to incur additional costs in responding to Patterson's repeated amendments. The Court will treat any further amendments as unfairly prejudicial unless Patterson shows good cause for amendment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Gaddiel Patterson's motion for leave to amend [#34 ] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant ABSG Consulting, Inc.'s motion to dismiss [#26 ] is **DENIED as moot.**

Dated this 31st Day of March, 2009.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

---

[1] Patterson filed Amended Complaints on September 15, 2008, February 25, 2009, March 16, 2009, and March 28, 2009. The Court did not accept Patterson's March 16, 2009 because he filed it without leave.