UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GADDIEL PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08CV697RWS |
| ) | |
| ABS CONSULTING, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Gaddiel Patterson filed this complaint alleging unfair competition and deceptive trade practices and violations of the Lanham Act, 15 U.S.C. § 1051, et seq. by Defendant ABSG Consulting, Inc. (incorrectly named as ABS Consulting Inc.). Patterson alleges that ABSG's use of the domain name www.plg.com infringes upon his registered trademark and constitutes an unfair trade practice. ABSG now moves to dismiss for failure to state a claim and for failure to comply with this Court's order.

Because Patterson has adequately stated a claim for trademark infringement and unfair competition and deceptive trade practices, I will deny ABSG's motion.

*Background*

In his Third Amended Complaint,[1] Patterson alleges he has manufactured and distributed solar panels under the mark "PLG" since 2002.[2] On May 9, 2006, he was granted a trademark ("PLG") by the United States Patent and Trademark Office for utility services, namely

---

[1] Although the complaint is titled "Second Amended Complaint," it is actually Patterson's fourth complaint. Accordingly, both parties refer to the document as the "Third Amended Complaint" in their memoranda. I, too, will do so.

[2] For purposes of this motion, the Court assumes all facts Patterson alleges to be true.

transmission of electricity and solar energy. Since then, Patterson has continuously used the PLG mark in connection with production of his solar panels. Patterson's mark is a fanciful term created specifically for the product PLG to be sold as a power producing product.

ABSG has manufactured, marketed and distributed solar energy producing products Patterson sells under his mark, PLG. ABSG does this by using the domain name plg.com.[3] The solar panel product ABSG manufactures, markets and distributes through the internet under the domain name plg.com is substantially and confusingly similar to Patterson's registered mark. ABSG's use of the domain name plg.com has caused and will continue to cause customer confusion regarding the source of the products.

Patterson contacted ABSG in May, 2006 and requested that ABSG discontinue its use of the plg.com domain name. ABSG, however, has continued to use the web domain name. ABSG has in the past, and continues to wrongfully deceive the purchasing public as to the source of the goods it provides and has wrongfully deprived Patterson's right to public recognition and the true source of the products. Patterson alleges that ABSG's continued use of the plg.com address violates the Lanham Act. He seeks a preliminary injunction, a permanent injunction and $60,000 in damages.[4]

---

[3] The Court assumes the plg.com domain name is the "mark" Patterson refers to in paragraph 9 of his Complaint. Patterson states that ABSG markets its products through the internet under a mark, a copy of which is attached as Exhibit D. Although Exhibit D contains many sections, the Court assumes Patterson refers to the domain name plg.com. Exhibit C, a letter from Patterson's attorney to ABSG which asserts that its use of "PLG" in its website domain name violates trademark law, supports this assumption by the Court.

[4] Patterson seeks $50,000 in damages for violation of the Lanham Act. He seeks an additional $10,000 for unfair and deceptive trade practices. His unfair competition and deceptive trade practices claim (Count II) is also brought under the Lanham Act. The Court assumes Patterson seeks the first $50,000 for trademark infringement (Count I).

*Legal Standard*

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiffs. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Romine v. Acxiom Corp., 296 F.3d 701, 711 (8th Cir. 2002).

*Discussion*

I. *Motion to Dismiss*

ABSG presents two arguments in favor of dismissal. First, it argues that Patterson has failed to adequately state a claim under the Lanham Act. ABSG also argues that I should dismiss Patterson's lawsuit pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for his alleged failure to comply with my order dated February 2, 2009. Because ABSG's argument that Patterson has failed to comply with my order is spurious, I will address it first.

A. *Rule 41(b)*

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with [the Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." "[D]ismissal with prejudice is an extreme sanction only to be used in cases of willful disobedience of a court order or where there is a pattern of intentional delay." Good Stewardship Christian Ctr. v. Empire Bank, 341 F.3d 794, 797 (8th Cir. 2003). In other words, I would abuse

my discretion if I dismissed Patterson's lawsuit without finding Patterson willfully disobeyed my court order.

I need not address the willfulness component, however, because Patterson did not disobey my order to file a new complaint. I ordered Patterson to file a new complaint which contained any exhibits or facts he wished me to consider. The complaint needed to provide a description of ABSG's challenged mark and the type of products he believed were marketed under the mark. Patterson complied when he submitted a new complaint with four exhibits attached. Each exhibit was properly identified. In Paragraph 9, Patterson alleges that ABSG markets, manufactures and distributes solar panels (the type of product) through the internet under the mark PLG. Patterson further identifies ASBG's mark as the plg.com domain name (the challenged mark) in Paragraph 9 of his complaint (referencing Exhibit D). In Paragraph 12, Patterson alleges he contacted ABSG and requested it cease using a confusingly similar mark. A copy of that request is attached as Exhibit C. Exhibit C specifically states that the use of Patterson's trade mark in a web site domain name was the challenged activity. In short, Patterson's complaint complies with my February 2, 2009 order.

  B.  *Failure to State a Claim*

ABSG argues that Patterson has failed to plead facts sufficient to state a claim for trademark infringement or unfair competition and deceptive trade practices because he does not plead how his trademark is used in commerce and has failed to attach examples or depictions of its use in commerce. ABSG further argues that Patterson has failed to plead how ABSG uses the mark such that it presents a likelihood of confusion and that Patterson has failed to include a description or attachment demonstrating ABSG's usage.

Before delving into ABSG's arguments, I again note that the Federal Rules continue to rely on notice, rather than fact, pleading and courts rely "on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Romine, 296 F.3d at 711. Patterson needs only to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S.Ct. at 1974. I also note, contrary to ABSG's assertion, Patterson has provided an attachment demonstrating ABSG's usage of the plg.com domain name.

### 1. *Trademark Infringement*

A trademark is "any word, name, symbol, or device or any combination thereof used by any person to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown." Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 768 (1992); 15 U.S.C. § 1127. Under 15 U.S.C. § 1114(1)(a), persons who "use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion or to cause mistake . . ." shall be liable to the owner of the registered mark. In other words, infringement occurs when another person uses a registered mark in a way that is likely to cause confusion among the public as to the source of goods or services. Id. To prevail on a claim for trademark infringement under § 1114(1), a plaintiff must prove that (1) he owns a distinctive trademark that is entitled to protection, and (2) the defendant's use of a similar mark was likely to confuse consumers about the source of defendant's products. Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc., 182 F.3d 598, 601 (8th Cir. 1999).

ABSG argues that Patterson "has not identified his alleged trademark and/or any of the products at issues [sic]" and Patterson "has not demonstrated nor pled his trademark's distinctiveness nor its use in commerce." A review of Patterson's Complaint, however, reveals that Exhibit A contains a copy of Patterson's trademark, "PLG" and indicates it is used for "utility services, namely, transmission of electricity and solar energy." Additionally, paragraph 6 alleges that Patterson uses the mark attached as Exhibit A to manufacture and distribute solar panels. Although Patterson does not specifically plead the distinctiveness of his mark, he alleges his mark is a fanciful term created specifically for the product PLG to be used in commerce. Because "their intrinsic nature serves to identify a particular source of a product, [fanciful marks] are deemed inherently distinctive and are entitled to protection." Two Pesos, Inc., 505 U.S. at 768. Therefore, I conclude that Patterson has adequately pleaded that he owns a distinctive trademark entitled to protection.

ABSG also argues that Patterson has not properly pled that it uses a similar mark that is likely to cause confusion among consumers. "Several courts have noted that the quick and effortless nature of 'surfing' the Internet [means] Web surfers are more likely to be confused as to the ownership of a website than traditional patrons of a brick-and-mortar store would be of a store's ownership." Fargo Elec., Inc. v. Iris Ltd., Inc., No. 04-1017, 2005 WL 1431653, at *6 (D. Minn. Mar. 8, 2005). In this case, in Exhibit C, Patterson alleges that ABSG's use of his mark in its domain name is likely to cause consumer confusion. In Exhibit D,[5] Patterson show the

---

[5] In its reply ABSG claims that Patterson's complaint makes no mention of ABSG's website address. However, Exhibit C references the address and Exhibit D shows its use. Although the Court may not generally consider matters outside the pleadings on a motion to dismiss, the Court may consider materials that are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). Exhibits attached to the

manner in which ABSG uses the plg.com domain name. Patterson also alleges that he manufactures and distributes solar panels under the mark PLG and that ABSG produces solar energy products under the mark PLG. Patterson has sufficiently pleaded that ABSG's use of the mark PLG is likely to cause confusion among potential consumers. As a result, I will deny ABSG's motion to dismiss Patterson's trademark infringement claim.

2.      *Unfair Competition and Deceptive Trade Practices*

In Count II, Patterson brings an action for unfair trade practice and unfair competition under § 1125(a) of the Lanham Act.[6] Section 1125(a) provides that,

> any person who, on or in connection with any goods or services . . . uses in commerce any word, term, symbol, or device . . .which
>
> (A) is likely to cause confusion , or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

---

complaint are necessarily embraced by the pleadings. Id.

[6] Most modern cases for the use of Internet domain names that incorporate confusingly similar to a trademark are brought under the Anti-cybersquatting Consumer Protection Act (ACPA). Pub. L. No. 106-113, 113 Stat. 1501 (1999), codified at 15 U.S.C. § 1125(d). See, e.g., Coca-Cola Co. v. Purdy, 382 F.3d 774 (8th Cir. 2004). Because subsection (d) is more tailored to Patterson's claims, he may wish to amend his pleadings to add or substitute a claim under § 1125(d). Other cases have been brought under § 1125©) for trademark dilution. See, e.g., Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316 (9th Cir. 1998). However, because Patterson specifically states in his Complaint that ABSG has violated subsection (a), I will analyze his claims under that section.

15 U.S.C. § 1125(a). When analyzing whether there exists a likelihood of confusion between marks, six factors should be considered:

> (1) the strength of the plaintiff's mark; (2) the similarity between the plaintiff's and defendant's marks; (3) the degree to which the allegedly infringing product competes with the plaintiff's goods; (4) the alleged infringer's intent to confuse the public; (5) the degree of care reasonably expected of potential customers; and (6) evidence of actual confusion.

Davis v. Walt Disney Co., 430 F.3d 901, 903 (8th Cir. 2005). Those are factors to be considered on summary judgment, however. At this stage, I must only decide whether Patteron had pleaded that (1) ABSG uses a mark (2) in commerce that (3) is likely to cause confusion (4) as to the origin of goods or services. 15 U.S.C. § 1125(a)(1). In this case, Patterson alleges that he ABSG uses the plg.com domain name to sell solar energy producing products. He alleges that he manufactures and distributes solar panels (an energy producing product) under the mark PLG. Patterson claims ABSG's use of the plg.com domain name has caused and will continue to cause consumers to be confused about the source of the products. Patterson has adequately stated a claim for violation of 15 U.S.C. § 1125(a). As a result, I will deny ABSG's motion as to Patterson's unfair competition and deceptive trade practices claim.

II. *More Definite Statement*

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion under Rule 12(e) is "designed to strike at unintelligibility in a pleading rather than want of detail." Harvey v. Encompass Med. Group, 2005 WL 3557419, at *2 (W.D. Mo. Dec. 28, 2005).

On February 2, 2009, I granted ABSG's earlier motion for a more definite statement. I did so because Patterson's pleadings made repeated references to exhibits that were not attached. They also identified "Exhibit A" as several different documents. The earlier pleading did not provide a clear description of ABSG's mark that he believed is confusingly similar to his own or clearly identify which of Defendant's products he believes are marketed under the mark "PLG" and create the likelihood of confusion in consumers.

Patterson's Third Amended Complaint corrects these flaws in the earlier iterations of his Complaint. The Third Amended Complaint attaches and properly identifies the Exhibits to which he refers. Patterson has identified ABSG's challenge mark as the plg.com domain name and identified ABSG's product as solar energy producing products/solar panels. Because Patterson's Third Amended Complaint is not so vague or ambiguous that ABSG cannot reasonably be expected to prepare a response, I will deny ABSG's motion for a more definite statement.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant ABSG Consulting, Inc.'s motion to dismiss, or in the alternative, for a more definite statement [#40] is **DENIED.**

Dated this 6th day of May, 2009.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE